## LESTER SMITH v. THE STATE.

No. 19935.   Delivered November 16, 1938.

The opinion states the case.

*Crane & Glarner,* of Raymondville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was charged with having in his possession and using false weighing devices, to-wit: cotton weighing scales, and upon his trial a jury assessed the lowest fine of $20.00.

Article 41, Penal Code, provides: "If a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal he is guilty of no offense, but the mistake of fact which will excuse must be such that the person so acting under a mistake would have been excusable had his conjecture as to the fact been correct, and it must also be such mistake as does not arise from a want of proper care on the part of the person so acting."

The only question that could arise under the above statute and the facts is, did the appellant use proper care in ascertaining that such scales were weighing falsely? He testified that he was the manager of said gin, which was owned by the Valley Gin Company; that he never weighed any cotton on said scales; that so far as he knew they were in perfect working order, and as soon as the State inspectors told him that the scales were out of order, he stopped weighing on them, and got other scales. That he sold 136 bales of his own cotton by such false weights, thinking such weights to be correct.

The appellant, in a requested charge, asked the court to charge the jury, in substance, that the intent to commit an act which is a criminal offense was a necessary ingredient to an offense against the laws, and unless they found that the appellant did have such an intent, then they would acquit him. We think the court properly declined to give such charge.

The court did charge the jury as follows: "The undisputed facts show that the defendant if he used such scales with an incorrect poise, that he did not know he was using an incorrect scale and that he had no way to find out about the matter until notified by Mr. Walton, and that the defendant immediately quit using such scales and never weighed any more cotton or other commodities on such scales, but immediately followed the instructions of Mr. Walton and got some new scales, which facts you may consider in arriving at your verdict."

It is also worthy of consideration herein that the inspector from the State Agricultural Department testified: "That he did not know how the gin men, or the defendant would be able to tell whether his scales were correct or not. That he knew no way to test the scales except with the machinery or apparatus that the witness had, which consisted of a bunch of machinery weighing some five or six hundred pounds, and that as he knew, there was no way for the defendant or the gin men to test their scales other than by such apparatus."

Under the above testimony we do not think the evidence shows that appellant was guilty of lack of ordinary care. We also are of the opinion that the court should have incorporated in his charge a paragraph relative to guilty knowledge upon the part of appellant. Under the above quoted portion of the court's charge, we think the court should have at least terminated such charge with the instruction that if the jury so believed, then they should acquit the defendant.

On account of the errors discussed, this judgment is reversed and the cause remanded.